Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4221 | **DATE** | 4/17/2001 |
| **CASE TITLE** | RICHARD MONTALVO vs. PARK RIDGE POLICE DEPT., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant's (23-1) for summary judgment is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | | Document Number |
| ☐ | No notices required. | number of notices | |
| ☐ | Notices mailed by judge's staff. | APR 18 2001 date docketed | 35 |
| ☐ | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ☐ | Mail AO 450 form. | | |
| ☐ | Copy to judge/magistrate judge. | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

ED-7 FILED FOR DOCKETING
01 APR 17 PM 4:53

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD MONTALVO,

    Plaintiff,

v.

PARK RIDGE POLICE DEPARTMENT,
MUNICIPALITY OF PARK RIDGE,
POLICE OFFICER KELLER, POLICE
OFFICER SUAREZ, POLICE OFFICER
SHAUGHNESSY

    Defendants.

No. 99 C 4221
Judge James B. Zagel

**DOCKETED**
APR 1 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Richard Montalvo, a six-time felon, was in the process of burglarizing a home in Park Ridge, Illinois when he was interrupted by the arrival of several officers from the local police department. Officer David Keller was the first officer on the scene. He apprehended plaintiff just inside the back door of the house. With his gun drawn, he declared Montalvo under arrest and forced him out the door onto the outside deck. Montalvo says that he offered no resistance as Officer Keller pushed him to the ground, forced his hands behind his back, handcuffed him, and announced that he would "teach [plaintiff] not to break into people's houses." A beating allegedly ensued. Montalvo says that Keller kneeled on his back, pulled his head back by the hair, and beat him about the head and face with his fists. Then he rolled Montalvo over, placed the leg of a heavy metal patio chair on his forehead, and pushed down. After that, Montalvo says that Keller pushed his gun into plaintiff's right eye and threatened to "blow his head off." Plaintiff urinated in his clothes. As he rolled over onto his stomach, Officer Keller repeatedly kicked him in the ribs.

On the night of the incident, Officer Keller was the field training officer for Officer Karyn Suarez, who was new to the Park Ridge Police Department. Plaintiff says that Officer Suarez was standing within three feet of him as Officer Keller beat him, but that she neither said anything nor did anything to stop it. Plaintiff also claims that Officer Kathleen Shaughnessy witnessed the beating without intervening. Although plaintiff did not personally observe Officer Shaughnessy, he says that police reports as well as her own deposition testimony place her at the scene, and that she must have observed Officer Keller's conduct.

After the arrest and booking, Montalvo was taken to the hospital emergency room. Plaintiff says that medical records confirm the extent of his injuries. He had two black eyes, a laceration over his right eye requiring six stitches, a lump on his forehead, and a broken nose. His face was swollen and he was bleeding from the mouth. Officer Keller was uninjured.

I have before me a partial motion for summary judgment brought by Officers Suarez and Shaughnessy. It is undisputed that neither officer used force against plaintiff. Under certain circumstances, however, omissions as well as actions may violate civil rights. An officer who is present and fails to intervene to prevent another law enforcement officer from infringing the constitutional rights of citizens is liable under § 1983 "if that officer had reason to know . . . that excessive force was being used . . . *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). If Montalvo can show at trial that Officer Keller attacked him while Officers Suarez and Shaughnessy ignored a realistic attempt to intervene, he can recover. See *Miller v. Smith*, 220 F.3d 491 (7th Cir. 2000).

The standards for summary judgment are well known. I must consider the evidence in the light most favorable to Mr. Montalvo.

**Officer Suarez**

Officer Suarez asks me to grant summary judgment because even if the beating did take place – which she denies – the record establishes that she was not present during the struggle between Officer Keller and Montalvo and therefore had no realistic opportunity to intervene.

The record is rife with discrepancies as to Officer Suarez's whereabouts during the incident – far too many to grant her motion for summary judgment. Even defendants' Statement of Material Facts in support of the present motion gives accounts which are difficult to reconcile. Paragraph 9 of the Statement of Material Facts alleges that at the time Montalvo was being beaten, Suarez was "looking inside of the house." Paragraph 10 alleges that at the time of the struggle, she was "standing half way between the front and the back yard . . . approximately 30 feet away from the deck." These two statements, while potentially inconsistent with each other, at least both support her contention that she was out of the vicinity when the beating allegedly occurred. But her deposition testimony does not. During deposition, Officer Suarez indicated that she actively participated in the struggle to subdue and handcuff Montalvo on the deck. Instead of claiming that she was not in the vicinity – as she does now – she claimed that she was in the vicinity, but the beating never occurred.

There are other aspects of Officer Suarez's testimony that a jury might find incredible. Her testimony that she saw only "a little cut, like, by [plaintiff's] eye" is inconsistent with plaintiff's claimed injuries which include multiple lacerations (at least one of which bled

profusely and required stitches), a lump on his forehead, and a broken nose. Officer Suarez's Internal Affairs report, in which she wrote that Montalvo "was complying with Officer Keller's verbal commands," contradicts the account she gave at deposition, where she stated that Montalvo was not cooperative until after being handcuffed. I also note that Officer Suarez conceded that all of the officers involved discussed the incident before they wrote their Internal Affairs reports, and that she read the other officers' reports before she wrote her own. On the evidence before me, a jury could find that Officer Suarez witnessed the alleged beating and could have intervened, but did not.

**Officer Shaughnessy**

Officer Shaughnessy's motion presents a more difficult question. Officer Shaughnessy says that at the time plaintiff was allegedly beaten, she was not on the deck, but in an adjoining yard. By the time she reached the deck, plaintiff was already in handcuffs. She says that even if the beating did take place – which she too denies – she was simply too far away to reach Montalvo in time to intervene.

Officer Shaughnessy's argument for summary judgment ignores the fact that according to plaintiff's account, the beating occurred after he was handcuffed and that it lasted about ten minutes. Officer Shaughnessy places herself in the vicinity at the time of the alleged beating, though she insists that she saw no such beating. Like Officer Suarez, what she is actually saying is that no beating occurred – a claim of fact which is very much in dispute.

Montalvo concedes that he did not see Officer Shaughnessy during the alleged assault. Is this fatal to his claim? In a factually similar incident, the Seventh Circuit made it clear that a

4

plaintiff can state a claim for failure to protect against a police officer who fails to intervene even if the circumstances of the beating render plaintiff unable to identify each officer's precise whereabouts. See *Miller v. Smith*, 220 F.3d 491 (7th Cir. 2000). Here, as in *Miller*, plaintiff was allegedly beaten as he lay on his stomach. He was dazed by the blows to his face and head. Afterwards his face and eyes were covered in blood. He cannot be expected to have observed each police officer's whereabouts. For now, it is enough that police reports, Officer Shaughnessy's own testimony, and Officer Suarez's testimony all place Officer Shaughnessy in the very-near vicinity when the use of excessive force allegedly took place.

At the end of the evening on January 21, 1998, plaintiff's nose was allegedly broken and his face bloodied. But no officer at the scene admits to seeing anything more than a minor skirmish in which Montalvo was the purported aggressor. I have before me a record in which the police officers' accounts change over time and are inconsistent with each other. There is almost no fact of relevance to this case which is not disputed; consequently the case is inappropriate for summary judgment.

**Qualified Immunity**

Defendants offer a qualified immunity defense which they raise for the first time in their reply brief. Arguments are deemed waived when raised for the first time in a reply brief. See, e.g., *Acheampong v. City of Chicago*, 128 F. Supp. 2d 560 (N.D. Ill. 2001). I find that the defense is waived.

The qualified immunity defense would fail at summary judgment even in the absence of waiver. Defendants rely on an Eleventh Circuit case in which the undisputed evidence showed that defendant was in the process of apprehending another suspect at the time the use of

5

excessive force allegedly occurred. See *Ensley v. Soper*, 142 F.3d 1402 (11th Cir. 1998). The Eleventh Circuit held that the officer was entitled to qualified immunity since there was no precedent which established that an officer must abandon his attempt to arrest a suspect in order to protect a second suspect against whom officers are using excessive force. The key distinction between *Ensley* and the case at hand is that here the officers' argument that they were attempting to arrest another burglar at the time of the beating is very much in dispute. On the facts before me a reasonable jury could find that the second burglar had been apprehended before the alleged use of force occurred. Defendants may, of course, reassert their qualified immunity defense in a motion for judgment as a matter of law after the evidence is in.

Defendants' motion for summary judgment is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 17 April 2001